UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TREY MULLER, )
 )
 Plaintiff, )
 )
v. ) No. 4:16CV539 JAR
 )
CINDY GRIFFITH, et al., )
 )
 Defendants. )

**MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.50, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, after review of the Complaint the Court dismisses this case without prejudice.

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff brings this action against several officials of the Missouri Department of Corrections in their official capacity.

Plaintiff alleges that he was sexually assaulted. Defendant Shawn Jenkins took him to the medical unit. Plaintiff says that the medical staff did not do a rape kit test, which he says is required under the Prison Rape Elimination Act (the "PREA").

After he was released from the medical unit, someone returned him back to the cell where the assault occurred, and he says that someone destroyed "incriminating evidence."

Later, defendant Jon Layton stopped by plaintiff's cell and said demeaning things to him about the assault. Plaintiff says that Layton also "illegally searched [his] cell on 4 different occasions . . ."

Plaintiff claims that defendant "Dr. William McKinney is responsible for all medical actions whether done or not done."

## Discussion

In its Order directing plaintiff to file an amended complaint, the Court explained to plaintiff that he needed to specify what capacity he intends to sue defendants. The Court stated, **"If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal."** (Emphasis in original). The Court further explained to plaintiff, **"The allegations in the complaint must show how each**

2

**and every defendant is directly responsible for the alleged harm**." (Emphasis in original). Plaintiff failed to heed the Court's warnings.

The complaint does not state whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). In this case, plaintiff has not shown that any of the defendants were responsible for the sexual assault or medical mistreatment. Defendant Layton did not violate plaintiff's rights by demeaning him. *See Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right."). Plaintiff's claim that Layton "illegally" searched his cell is a legal conclusion and is not entitled to a presumption of truth. Plaintiff's only allegation against

3

Jenkins is that Jenkins took him to the medical unit. And plaintiff's only allegations against Dr. McKenny are for vicarious liability. Therefore, the complaint fails to state a plausible cause of action under § 1983 for this reason as well.

Finally, to the extent that plaintiff is attempting to sue defendants under the PREA, the complaint is legally frivolous. The PREA "does not create a right of action that is privately enforceable by an individual civil litigant." *E.g., LeMasters v. Fabian*, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009); *Chinnici v. Edwards*, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008) ("The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. 42 U.S.C. § 15601 *et seq*. The statute does not grant prisoners any specific rights.").

For these reasons, the Court must dismiss this action under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 5] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.50 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[1]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

---

[1] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

4

An Order of Dismissal will be filed separately.

Dated this 28th day of April, 2016.

                                              /s/ John A. Ross
                                              JOHN A. ROSS
                                              UNITED STATES DISTRICT JUDGE